**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff*, | |
| v. | **Case No. CR-20-109-DCJ** |
| **WILLIAM CLAYTON BROWN,** | |
| *Defendant*. | |

**UNITED STATES' SENTENCING MEMORANDUM**

Comes now the United States of America, by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney T. Cameron McEwen, and hereby submits this Sentencing Memorandum and asks the Court to impose a sentence of 300 months imprisonment.

On July 11, 2025, the Defendant pled guilty to one count of Murder in Indian Country – Second Degree, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153. *See* Doc. 172. The Defendant's plea was pursuant to a Plea Agreement (Doc. 174), where the parties agreed to a 300-month sentence of imprisonment pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

As part of the Plea Agreement, under the section entitled "Breach of Agreement," it states, "[i]n the event the United States believes the defendant has failed to fulfill any obligations under this agreement, committed any local, state, tribal or federal offense after execution of this agreement or has falsely implicated an innocent person in the commission of a crime, the United

1

States shall, in its discretion, have the options of declaring any provision of this agreement null and void." Doc. 174 at pg. 6. In the matter before the Court, the United States submits the Defendant breached his Plea Agreement by committing several federal offenses and other offenses "after the execution of [the] agreement" and prior to his sentencing hearing. However, the United States is electing not to declare "any provision of [the] agreement null and void" and asks the Court to accept the Plea Agreement and impose a sentence of 300 months imprisonment.

On September 10, 2025, the Defendant was indicted by a Federal Grand Jury in the Eastern District of Oklahoma, in CR-24-167-RAW, for one count of Conspiracy to Commit Murder, in violation of 18 U.S.C. § 1117; one count of Conspiracy to Tamper with a Witness and Informant by Killing, in violation of 18 U.S.C. §§ 1512(a)(1)(A), 1512(k), and 1512(j); one count of Obstructing Justice by Retaliating Against a Witness or an Informant, in violation of 18 U.S.C. §§ 1513(a)(1)(B) and 2; and one count of Tampering with a Witness or Informant by Attempting to Kill, in violation of §§ 1512(a)(1)(A) and 2. The charges arose from actions by the Defendant on July 11, 2025, the same day as and after his plea in this case, where he conspired with another person to kill an informant/witness in another case and thereafter attempted to kill that informant/witness.

Additionally, on September 22, 2025, while incarcerated at the Cimmaron Correctional Facility, the Defendant allegedly assaulted two other inmates with a homemade weapon, including stabbing one individual in the back of the head and upper right torso and another individual in the left shoulder and upper right flank. After the assaults, the Defendant admitted to a correctional

2

staff member that he flushed a homemade weapon down the toilet. At this time, the United States is unaware of any charges that have been brought against the Defendant related to this incident.

Although the Defendant's charges in CR-24-167-RAW as well as his actions on September 22, 2025, while incarcerated at the Cimmaron Corrections Facility, are extremely serious and breach the Plea Agreement in this case, the United States is electing not to declare "any provision of [the] agreement null and void" and ask the Court to accept the Plea Agreement and sentence the Defendant to 300 months imprisonment for the following reasons:

a.  the negative impact a retrial will have on the victim's family;

b.  the negative impact a retrial will have on witnesses in the case;

c.  judicial economy;

d.  in the interests of justice; and

e.  the Defendant is already serving a Life sentence in CR-21-0244-JFH.

Despite the United States' position on this matter, the Court has full discretion regarding the Defendant's sentence. Therefore, if the Court concludes the Defendant breached the Plea Agreement and for this reason chooses not to accept the Plea Agreement, the United States asks the Court to follow the terms of the Plea Agreement set out in the "Breach of Agreement" section, where the Defendant waived his right to withdraw his guilty plea under this specific circumstance. *See* Doc. 174 at pg. 6. Specifically, the provision states, "[t]he defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

a.  the defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);

3

b.  the United States will be free to make any recommendations to the Court regarding sentencing in this case;

c.  any evidence or statements made by the defendant during any cooperation phase will be admissible at any trials or sentencings; and

d.  the United States will be free to bring any other charges it has against the defendant."

*Id*.

## **CONCLUSION**

Wherefore, the United States asks the Court to accept the Plea Agreement and impose a sentence of 300 months imprisonment.  However, if the Court concludes the Defendant breached the Plea Agreement and for this reason chooses not to accept the Plea Agreement, the United States asks the Court to follow the terms of the Plea Agreement set out in the "Breach of Agreement" section.

Respectfully Submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/    *T. Cameron McEwen*
T. CAMERON MCEWEN
AL Bar # 7161-R67M
Assistant United States Attorney
520 Denison Ave.
Muskogee, OK 74401
Office: (918) 684-5100
Fax: (918) 684-5150
Email: Cameron.McEwen@usdoj.gov

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 30, 2025, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Shena Burgess, Attorney for Defendant

s/    *T. Cameron McEwen*
T. CAMERON MCEWEN
Office of the United States Attorney
